## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIM ELLEN SHIPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co.; ANGUS FIRE; THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION COMPANY; CHEMGUARD; NATIONAL FOAM; and TOWN OF EAST HAMPTON, NEW YORK, | ) Civ. No. _____ ) ) NOTICE OF REMOVAL ) ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that National Foam, Inc. ("National Foam"), by and through its undersigned counsel, hereby files this removal of the state court action entitled *Kim Ellen Shipman v. The 3M Company, et al.*, currently pending in the Supreme Court of New York for Suffolk County, Index No. 605271/2018, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**A.   State Court Proceedings**

1.   Named Plaintiff commenced the above-captioned civil action, individually and on behalf of a putative class ("Plaintiffs"), in the Supreme Court of New York for Suffolk County by filing a complaint on March 21, 2018 (the "Complaint" or "Compl.") against The 3M Company, Angus Fire, The Ansul Company, Buckeye Fire Protection Company, Chemguard, National Foam, and the Town of East Hampton, New York (collectively, "Defendants").[1] Plaintiffs allege, *inter alia*, that Defendants (other than the Town of East Hampton)

---

[1] A copy of the pleading filed in the Supreme Court of Suffolk County, New York, is attached to this Notice of Removal as **Exhibit A**.

manufactured, sold, and/or distributed a defective product, namely, aqueous film-forming foams ("AFFF"), which contained allegedly toxic constituents[2] to which Plaintiffs have likely been exposed.[3]

2. On March 28, 2018, National Foam was served with the Summons and the Complaint.[4]

3. No other process, pleadings, or orders have been served upon National Foam.

4. The time for removal begins to run when the removing defendant is formally served with process.[5] National Foam was served with the Summons and the Complaint on March 28, 2018.[6] National Foam files this notice of removal 30 days from the date of service of the Summons and the Complaint. Accordingly, this Notice of Removal is timely filed.[7]

5. National Foam will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York for Suffolk County.[8]

**B.   Removal of This Action is Proper Under the Class Action Fairness Act.**

6. This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). "CAFA vests district courts with original jurisdiction over class actions where: (1) the putative class is composed of at least 100 members; (2) any class member is

---

[2] Plaintiffs allege that AFFF contains perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA"), as well as related fluorochemicals that can degrade to PFOS or PFOA. *See* Compl. ¶¶ 3-4.
[3] *See* Compl. ¶¶ 3, 7.
[4] The Complaint identifies National Foam, Inc. as a Pennsylvania corporation with a principal place of business at 350 East Union Street, West Chester, Pennsylvania. *See* Compl. ¶ 20. National Foam is a Delaware corporation with its headquarters in Angier, North Carolina. A copy of the Summons is attached hereto as **Exhibit B**.
[5] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999).
[6] *See* n. 4, *supra*.
[7] *See* 28 U.S.C. § 1446(b)(1).
[8] A copy of the Notice of Filing of Notice of Removal, as being submitted to the Supreme Court of New York for Suffolk County, is attached hereto as **Exhibit C**.

diverse from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs."[9]

7. The consent of all defendants to CAFA removal is not required.[10] Nevertheless, all defendants served in this action have either consented to or do not oppose its removal.[11]

**1. The Numerosity Requirement is Satisfied.**

8. The Complaint specifically alleges that the putative class contains "approximately 400" members.[12] Accordingly, the action satisfies the requirement for removal that the sum of members of the putative class or classes equal or exceed 100.[13]

9. Named Plaintiff invokes Article 9 of the New York Civil Practice Law and Rules, Section 901, and seeks to represent other persons on a class action basis as alleged in the Complaint.[14]

10. Accordingly, this is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."[15]

**2. The Minimal Diversity Requirement is Satisfied.**

11. This Court possesses "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a

---

[9] *See Brook v. UnitedHealth Grp., Inc.*, No. 06 CV 12954 (GBD), 2007 WL 2828708, at 2 (S.D.N.Y. Sept. 27, 2007) (citing 28 U.S.C. § 1332(d)(2)(A)); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citing 28 U.S.C. § 1332(d)(2)-(6)) ("In general, CAFA amended the diversity statute to confer federal jurisdiction over certain class actions where: (1) the proposed class contains at least 100 members (the 'numerosity' requirement); (2) minimal diversity exists between the parties . . . ; and (3) the aggregate amount in controversy exceeds $5,000,000.").
[10] *See* 28 U.S.C. § 1453(b) ("such action may be removed by any defendant without the consent of all defendants"); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006)) (28 U.S.C. § 1453(c) "overrides the former case law requirement that each defendant consent to removal").
[11] *See* Consent to Removal by Defendants, attached hereto as **Exhibit D**.
[12] *See* Compl. ¶ 108.
[13] *See* 28 U.S.C. § 1332(d)(5)(B); *see also Brook v. UnitedHealth Grp., Inc.*, *supra*, at *2.
[14] *See* Compl. ¶¶ 104-07.
[15] *See* 28 U.S.C. § 1332(d)(1)(B).

3

class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."[16]

12.     Accordingly, this action "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought."[17]

13.     Named Plaintiff is a citizen of New York,[18] and alleges that Defendant The 3M Company is a Delaware corporation "having its principal place of business" in St. Paul, Minnesota.[19] Accordingly, "at least one member of a class of plaintiffs is a citizen of a State different from any defendant," in satisfaction of 28 U.S.C. § 1332(d)(2).[20]

### 3. The Amount in Controversy Requirement is Satisfied.

14.     The amount in controversy in this action exceeds $5,000,000. The amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class, exclusive of interests and costs.[21] A removing defendant must show that it is "reasonably probable" that the aggregate of plaintiffs' claims exceeds $5,000,000.[22] "To determine the amount in controversy, courts first turn to the allegations of the complaint."[23]

15.     Plaintiffs seek to recover, *inter alia*, (1) monetary damages to fund a medical monitoring program and a blood testing program to monitor the risks to class members of

---

[16] *See* 28 U.S.C. § 1332(d)(2).
[17] *See* 28 U.S.C. § 1453(b).
[18] *See* Compl. ¶ 9.
[19] *See* Compl. ¶ 10.
[20] In addition, each other Defendant (other than the Town of East Hampton) is alleged to be incorporated in a state (or country) other than the State of New York, and to have its primary place of business in a state (or country) other than the State of New York. *See* Compl. ¶¶ 10-24.
[21] *See* 28 U.S.C. § 1332(d)(6).
[22] *See Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13 CV 1238 JS WDW, 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) ("To satisfy the jurisdictional amount requirement under CAFA, the removing defendant 'must show that it appears to a "reasonable probability" that the aggregate claims of the plaintiff class are in excess of $5 million.'") (quoting *Blockbuster Inc.*, 472 F.3d at 58).
[23] *Abdale*, *supra*, at *5.

exposure to PFOS and PFOA, and to assess class members' blood levels of PFOS and PFOA;[24] and (2) monetary damages to compensate for diminution in property value, loss of use and enjoyment of property, increased costs of obtaining drinking water, and remediation expenses.[25] Plaintiffs also seek to collect punitive damages.[26]

16. From the scope of Plaintiffs' claims, the number of Defendants sued, and the breadth of damages asserted by Plaintiffs, it is apparent on the face of the Complaint that at the time of this removal, Plaintiffs' claims against Defendants exceed $5,000,000. Alternatively, even if that were not facially apparent from the Complaint, reasonable inferences and deductions indicate that the monetary damages Named Plaintiff seeks to compensate hundreds of class members for diminution in property value and loss of use and enjoyment of property alone are likely to exceed $5,000,000. When considered in conjunction with the rest of the relief sought, including remediation expenses and costs of medical monitoring, and, in particular, punitive damages, it is undeniable that the amount in controversy exceeds $5,000,000.[27]

17. Although National Foam denies that Named Plaintiff and other putative class members are entitled to recover any amount, and specifically denies that Named Plaintiff and other putative class members are entitled to relief in the various forms sought, the allegations present more than a "reasonable probability" that Plaintiffs' claims amount to more than $5,000,000, exclusive of interest and costs. Indeed, Plaintiffs represent that the average cost of accessing alternative water sources, or filtering affected drinking water, is at least $4,000 per household.[28] Accordingly, the amount in controversy requirement is satisfied.

---

[24] *See* Compl. ¶¶ 176-77.
[25] *See* Compl. ¶ 178.
[26] *See* Compl. ¶ 179.
[27] *See, e.g. Abdale, supra*, at *6 (It is "hard to see how the amount-in-controversy does not exceed $5 million in actual damages and equitable relief" where claimed damages for putative class include losses, costs and expense of credit monitoring, and establishment and oversight of credit monitoring program.
[28] *See* Complt. ¶¶ 92-95. Plaintiff alleges the putative class contains approximately 300 households. *Id.* ¶ 108.

**C.   National Foam has Satisfied the Procedural Requirements for Removal Under 28 U.S.C. § 1446.**

18.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

19.   The United States District Court for the Eastern District of New York embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. 1446(a).

20.   As discussed *supra* in Section B, CAFA vests in this Court original jurisdiction over this action based on diversity.

21.   Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the Supreme Court of New York for Suffolk County and will serve a copy of this Notice of Removal and its attachments on all parties to the removed action.

WHEREFORE, Defendant National Foam, Inc. respectfully requests that the above-captioned action be removed from the Supreme Court of New York for Suffolk County, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

Dated this 27th day of April, 2018.

                Respectfully submitted,

                */s/ Keith E. Smith*
                Keith E. Smith, Esq.
                **GREENBERG TRAURIG, LLP**
                2700 Two Commerce Square
                2001 Market Street
                Philadelphia, PA 19103
                215-988-7843
                smithkei@gtlaw.com
                *Attorney for Defendant, National Foam, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of April, 2018, I caused a true and correct copy of the foregoing NOTICE OF REMOVAL, with its Exhibits, to be served on counsel of record via FedEx:

Jordan D. Sagalowsky
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-506-2500
Facsimile: 212-262-1910
jsagalowsky@mayerbrown.com
*Attorney for Defendant The 3M Company*

Katherine Armstrong, Esq.
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
katherinearmstrong@quinnemanuel.com
*Attorney for Defendants Tyco Fire Products, LP and Chemguard Inc.*

Ellen Nunno Corbo, Esq.
**TAYLOR COLICCHIO LLP**
100 Canal Pointe Blvd., Suite 210
Princeton, NJ 08540
Telephone: (609) 987-0022
ecorbo@tcslawyers.com
*Attorney for Defendant Buckeye Fire Equipment Co.*

Theodore D. Sklar, Esq.
**DEVITT SPELLMAN BARRETT, LLP**
50 Route 111
Suite 314
Smithtown, NY 11787
Telephone: 631-724-8833
t.sklar@devittspellmanlaw.com
*Attorney for Defendant Town of East Hampton, New York*

Daniel A. Osborn
**THE OSBORN LAW GROUP**
200 North Sea Road, Suite B
Southampton, NY 11968
Telephone: 631-353-3355

*Attorneys for Plaintiff and the putative class*

Dated: April 27, 2018

/s/ Keith E. Smith
Keith E. Smith

PHI 317929712v1